CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 22 2008
JOHN F. CORCORAN, CLERK
BY:
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 6:90CV00004 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Hon. James C. Turk |
| $15,716.00 in U.S. Currency. | ) | Senior United States District Judge |

This matter is before the court on pro se claimant Augustine Perez's Motion to Change Venue, see Docket No. 32, and Motion to Void Judgment Under Federal Rule of Civil Procedure 60(b)(4), see Docket No. 33. Through these motions, Perez alleges that the undersigned "conspired with the prosecutor, Ray B. Fitzgerald Jr." in a "deliberate and insidious scheme to defraud" Perez of currency. For that purported reason, Perez requests this court to vacate the underlying judgments and/or to transfer the case to the Court of Federal Claims or any other "neutral and detached Circuit." After reviewing these motions and the applicable laws, the court finds sua sponte that recusal is appropriate under these circumstances.

Two federal statutes govern judicial recusal: Section 144 and Section 455 of Title 28 of the United States Code. Section 144 requires the petitioner to file an affidavit and a certificate of counsel of record stating the claim is made in good faith. 28 U.S.C. § 144 (2008). Section 455, alternatively, is self-executing and does not require such procedural steps. 28 U.S.C. § 455 (2008). By its terms, Section 455 mandates that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2008) (emphasis added). This is an independent duty that federal judges "must observe sua sponte." Roberts v. Bailar, 625 F.2d 125 (6th Cir. 1980). Since Perez did not follow the procedural requirements of Section 144, this court shall

determine whether recusal is warranted under Section 455 even in the absence of a more definite motion. See Givens v. O'Quinn, No. 2:02cv00214, 2005 U.S. Dist. LEXIS 31597, at *5-6 (W.D. Va. Dec. 7, 2005) (determining recusal under § 455 since plaintiff did not file an affidavit or certificate required by § 144) (citing Liljeberg v. Health Svcs. Acquisition Corp., 486 U.S. 847, 871 n.3 (1988) (Rehnquist, C.J., dissenting) (same); Kidd v. Dalkon Shield Claimants Trust, No. 3:96cv642, 1996 U.S. Dist. LEXIS 21735, *4 (E.D. Va. Sept. 13, 1996) (same)).

In deciding whether a judge should recuse under 28 U.S.C. § 455(a), the issue is not whether that judge is impartial in fact but rather whether a reasonable person might question the impartiality of the judge under the surrounding facts and circumstances. U.S. v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (citing Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 41 (4th Cir. 1995); Aiken County v. BSP Division of Envirotech Corp., 866 F.2d 661, 679 (4th Cir. 1989)). Section 455(a) thus establishes an objective standard for recusal that turns on the appearance of impartiality regardless of its actual existence. DeTemple, 162 F.3d at 286.

While it is unlikely that a reasonable person would question the impartiality of the court under these circumstances, see U.S. v. Black, 490 F. Supp. 2d 630, 656 (E.D.N.C. June 5, 2007) (Section 455(a) "does not require recusal on the basis of suspicion or 'unsupported, irrational, or highly tenuous speculation'"), the court nevertheless finds it appropriate to recuse from the adjudication of Perez's pending motions (Docket No. 32 & 33) and any future filings. Therefore the court **ORDERS** the Clerk to reassign the case to a different district judge within the Lynchburg Division of this court.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 22nd day of September, 2008.

/s/ James C. Turk
Hon. James C. Turk
Senior United States District Judge

3