CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 1 5 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | CIVIL NO. 6:90CV00004 |
| v. | MEMORANDUM OPINION |
| $15,716.00 IN U.S. CURRENCY, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon Augustine Perez's Motion to Change Venue (docket no. 32), filed September 5, 2008. For the following reasons, Perez's motion is DENIED.

I. BACKGROUND

Pursuant to 28 U.S.C. §§ 1391(e)(3), 1404(a), 1491, Perez asks the Court to transfer this case to the Court of Federal Claims or another district court to adjudicate the merits of his Motion to Void Judgment under Federal Rule of Civil Procedure 60(b)(4) (docket no. 33). In the Motion to Void Judgment, Perez alleges that the Honorable Judge James C. Turk[1] conspired with Assistant U.S. Attorney Ray B. Fitzgerald, Jr. in a "deliberate and insidious scheme to defraud" Perez of currency. Perez argues that transfer of venue is appropriate based on fairness and convenience because no hearing, trial, or witnesses are required to adjudicate the merits of his claim, and because a material injustice would result if the same Court that allegedly colluded with Fitzgerald to perpetrate a fraud retained jurisdiction over the matter.

The motions described above were originally filed before Judge Turk in the Lynchburg Division of this Court. Pursuant to 28 U.S.C. § 455(a),[2] Judge Turk found *sua sponte* that recusal

---

[1] Senior U.S. District Judge for the Western District of Virginia, Lynchburg Division.
[2] The statute provides, in pertinent part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

- 1 -

was appropriate and ordered the Clerk of Court to reassign the case to a different judge within the Lynchburg Division (docket no. 35).

## II. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion to adjudicate motions to change venue according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The factors commonly considered in a ruling on a motion to change venue include:

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.
>
> *Landers v. Dawson Constr. Plant, Ltd.*, 1999 U.S. App. LEXIS 28474 (4h Cir. 1999) (unpublished) (quoting *Alpha Welding & Fabricating, Inc. v. Heller*, 837 F. supp. 172, 175 (S.D. W. Va. 1993).

## III. DISCUSSION

Based on an analysis of the above factors, Perez's motion should be denied. First, all of the events giving rise to Perez's Motion to Void Judgment took place in this district. Perez was originally convicted in this Court of conspiracy to distribute and to possess with intent to distribute cocaine (case no. 6:90CR00112). In connection with the criminal action, this Court later entered a civil forfeiture order in this case (no. 6:90CV00004). The allegations of fraud and wrongdoing against Judge Turk and Mr. Fitzgerald arise out of these two cases, which were filed and adjudicated in the Western District of Virginia. To the extent that Perez's Motion to Void Judgment is litigated and might require the participation of the parties and witnesses, the interest

of convenience and the interest in having local controversies decided at home both weigh heavily in favor of denying the Motion to Change Venue.

Second, Judge Turk's recusal addressed Perez's concerns about the impartiality and fairness of this Court. Just because Judge Turk has repeatedly denied Perez's various attempts to re-acquire the money that was forfeited to the United States (see docket no. 7, 9, 20, 26) does not mean that another judge in the same Division of this Court is incapable of fairly and impartially adjudicating the claims in the Motion to Void Judgment. Because Judge Turk's recusal effectively removed him from any influence over the allegations contained in Perez's Motion, the interests of justice do not favor granting a change of venue.

## IV. CONCLUSION

Based upon an individualized consideration of the convenience to the parties and witnesses and the interests of justice, a change of venue is not proper in this case. Accordingly, Perez's Motion to Change Venue is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to Defendant.

Entered this 15th day of October, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

- 3 -

Case 6:90-cv-00004-NKM   Document 37   Filed 10/15/08   Page 3 of 3   Pageid#: 172