CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 17 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* <br><br> v. <br><br> $15,716.00 IN U.S. CURRENCY, *Defendant.* | CIVIL NO. 6:90CV00004 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon Augustine Perez's Motion to Void Judgment (docket no. 33), filed September 5, 2008. For the following reasons, Perez's motion is DENIED.

## I. BACKGROUND

The claimant, Augustine Perez, and several other co-conspirators were indicted in July 1990 on charges of operating a major cocaine distribution business. Perez was convicted in December 1990 on fifteen counts of drug violations, including conspiracy to possess with intent to distribute cocaine and continuing criminal enterprise for the period of January 1985 to September 1989. In connection with the charges, $15,716.00 in U.S. currency, 3.0 grams of cocaine, and 4.5 grams of marijuana were seized from Perez. The United States brought a civil forfeiture action in connection with the criminal case in January 1990. After an appeal by Perez and a remand to this Court by the U.S. Court of Appeals for the Fourth Circuit, this Court entered a final forfeiture order on September 6, 1995, finding that the United States had met its burden of demonstrating probable cause to believe that the $15,716.00 in currency represented the proceeds of drug trafficking and was intended to purchase a controlled substance. Upon an appeal by Perez, the Fourth Circuit affirmed the forfeiture order on the same reasoning of this Court. *United States v. Perez*, D.N. 95-2843 (4th Cir. 1996) (unpublished).

Perez has since filed numerous motions with this Court, all attempting to get back the $15,716.00 that was forfeited to the United States over thirteen years ago. In addition to his initial appeal of the final forfeiture order, Perez has filed a Rule 60(b)(6) motion, a motion for reconsideration, and a motion to reopen judgments. The Fourth Circuit has affirmed each of the orders issued by this Court denying Perez's various motions attempting to get back the $15,716.00 from the United States.

In his Motion to Void Judgment, Perez alleges that the Honorable Judge James C. Turk conspired with Assistant U.S. Attorney Ray B. Fitzgerald, Jr. in a "deliberate and insidious scheme to defraud" Perez of currency.[1] As with his other previous motions, Perez makes several main arguments: (i) probable cause was lacking at the time the currency was seized in 1988 and also when the forfeiture complaint was filed in 1990; (ii) fraud was committed when hearsay allegations were used to establish probable cause at the forfeiture hearing in 1995; (iii) because his criminal trial was held before the forfeiture hearing, Perez was denied the opportunity to hire counsel of choice; and (iv) this Court's previous orders are invalid because they failed to address all of the arguments in his motions. Based on these key allegations, Perez contends that the judgment in this case constitutes a "fraud on the court" and should also be voided under Rule 60(b)(4) of the Federal Rules of Civil Procedure. He asks the Court to vacate the judgment forfeiting the $15,716.00 in currency to the United States.

---

[1] Judge Turk is a Senior U.S. District Judge for the Western District of Virginia, Lynchburg Division. This Motion was originally assigned to Judge Turk, who *sua sponte* found that recusal was appropriate and reassigned the case to a different judge in the Lynchburg Division (docket no. 35). Perez also filed an accompanying Motion to Change Venue, which was denied by Order of this Court dated October 15, 2008 (docket no. 38).

## II. DISCUSSION

### A. Enforcement Of The Judgment In This Case Does Not Constitute A "Fraud On The Court"

Perez first argues that the judgment in this case should be vacated because Judge Turk and Mr. Fitzgerald perpetrated a "fraud upon the court" by colluding to defraud him of $15,716.00 in U.S. currency. Courts have an inherent equity power to set aside a judgment if its enforcement would be "manifestly unconscionable" because of a "fraud upon the court." *Meindl v. Genesys Pac. Techs, Inc.*, 204 F.3d 124, 130 (4th Cir. 2000). This power, however, must be narrowly construed so it does not undermine the balance of equities contained in Rule 60(b)(3) of the Federal Rules of Civil Procedure, which sets a one-year statute of limitations. *Great Coastal Express, Inc. v. International Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982) (citing numerous cases). Consequently, fraud upon the court claims are "limited to fraud that 'seriously' affects the integrity of the normal process of adjudication," such as "bribing a judge, or tampering with a jury, or fraud by an officer of the court, including an attorney." *Meindl*, 204 F.3d at 130. Allegations of perjury or fabricated evidence are not grounds for relief as "fraud on the court." *Great Coastal Express*, 675 F.2d at 1357.

Perez has failed to allege any facts that would rise to the level of a fraud upon the court. For one, the allegations in this Motion are essentially the same as the allegations contained in his other previous, aforementioned motions, all of which were denied by orders of this Court that were subsequently affirmed by the Fourth Circuit. Second, the essence of Perez's claim is that Judge Turk and Mr. Fitzgerald perpetrated a fraud on the Court when Judge Turk allowed Fitzgerald to present the testimony of an FBI Special Agent Terry recounting evidence obtained from James Garrison, a Government witness. According to Perez, Garrison's testimony was used to indict Perez before a federal grand jury but not used in his criminal trial because Fitzgerald

- 3 -

determined it was "not credible." Thus, Perez is essentially alleging that Judge Turk's and Fitzgerald's reliance on the perjured testimony of Garrison constituted a fraud on the court. As explained above, however, allegations of perjury are not grounds for relief as a fraud on the court. Furthermore, it is not "manifestly unconscionable" to continue to enforce the judgment under the circumstances of this case. For these reasons, Perez's fraud upon the court claim should fail.

### B. Judgment In This Case Is Not "Void" Under Rule 60(b)(4) of the Federal Rules of Civil Procedure

In addition to the fraud on the court claim, Perez argues that the judgment in this case should be vacated under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Rule 60(b)(4) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." A judgment is "void" under the Rule "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992) (internal quotation marks and citation omitted). Despite this apparently encompassing statement, courts construe the concept of a "void" judgment very narrowly "because of the threat to finality of judgments and the risk that litigants...will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Thus, a judgment is not "void" if it is merely erroneous. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).

For one, Perez has already brought a Rule 60(b) motion before this Court. The Court denied the motion by Order dated January 9, 2003, which the Fourth Circuit subsequently affirmed. Second, Perez has not proffered anything in his Motion that would entitle him to relief under the standard for a "void" judgment under Rule 60(b)(4). He has failed to allege any facts

- 4 -

showing that this Court lacked subject matter or personal jurisdiction or acted in a manner inconsistent with due process of law. Accordingly, the judgment in this case is not "void" under Rule 60(b)(4).

### III. CONCLUSION

Because Perez failed to allege any facts that would constitute a "fraud on the court" or a "void" judgment under Rule 60(b)(4), his Motion to Void Judgment is DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to Perez.

Entered this 17th day of October, 2008.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

- 5 -

Case 6:90-cv-00004-NKM   Document 39   Filed 10/17/08   Page 5 of 5   Pageid#: 178