CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

DEC 12 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. $15,716.00 IN U.S. CURRENCY, *Defendant*. | CIVIL NO. 6:90CV00004 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon Augustine Perez's Independent Action in Equity and Motion to Change Venue (docket no. 41), filed December 8, 2008. For the following reasons, Perez's motions will be DENIED.

I. BACKGROUND

Perez institutes an independent action for equitable relief from the judgment in this case, and asks the Court to transfer this case to the Court of Federal Claims or another district court to adjudicate the merits of his independent action. Perez bases the independent action on allegations of fraud upon the court. His allegations are essentially the same as the allegations he made in his Motion to Void Judgment under Federal Rule of Civil Procedure 60(b)(4) (docket # 33), which was denied by this Court on October 17, 2008 (docket # 40). His arguments for a transfer of venue are likewise identical to those made in his first Motion to Change Venue (docket # 32), which was denied by this Court on October 15, 2008 (docket # 38).

II. STANDARD OF REVIEW

In order to maintain an independent action based on fraud upon the court, Perez must show five elements:

> (1) that the [judgment sought to be voided] ought not, in equity and good conscience, be enforced; (2) that he had a good defense to the alleged cause of action underlying the [contested judgment]; (3) that fraud, accident, or mistake prevented him from obtaining the benefit of his defense; (4) the absence of fault or negligence on his part; and (5) the absence of any adequate remedy at law.

*Asterbadi v. Leitess*, 2006 WL 1049047, *4 (4th Cir. 2006) (*quoting Great Coastal Exp., Inc. v. International Broth. of Teamsters, et al.*, 675 F.2d 1349, 1358 (4th Cir. 1982) (internal quotations omitted)).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion to adjudicate motions to change venue according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The factors commonly considered in a ruling on a motion to change venue include:

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

*Landers v. Dawson Constr. Plant, Ltd.*, 1999 U.S. App. LEXIS 28474 (4h Cir. 1999) (unpublished) (quoting *Alpha Welding & Fabricating, Inc. v. Heller*, 837 F. supp. 172, 175 (S.D. W. Va. 1993).

### III. DISCUSSION

Perez has clearly not made the requisite showing to obtain relief through an independent action. Perez bases his claim of fraud upon the court on allegations of witness perjury at the proceedings that led to the judgment of forfeiture in his case. He further alleges that the U.S. attorney and the Court conspired to enter the judgment against Perez, despite their knowledge of the perjured testimony. The Fourth Circuit has held that, "it is clear that perjury and false testimony are not grounds for relief in an independent action in the Fourth Circuit for many of the same reasons that apply to fraud on the court." *Great Lakes*, 675 F.2d at 1358. Thus, even if Perez were able to substantiate his allegations of perjury, they would still not be sufficient to maintain an independent action.

Further, at no stage of the proceedings has Perez shown that he had a good defense to the underlying forfeiture action. Notably, he makes no claim that the money was not ultimately subject to forfeiture. Perez contends that the judgment should not be enforced because the forfeiture action was resolved after his criminal trial, thereby denying him use of those funds to retain his counsel of choice. However, this argument has been soundly rejected by the courts. *See, e.g., Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 631 (1989) ("It is our view that there is a strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable to pay for their defense."). Therefore, Perez's independent action will be denied.

Based on an analysis of the relevant factors, and having reviewed the ruling on Perez's first motion to change venue, the instant Motion to Change Venue should be denied for the reasons previously stated by this Court. Further, the Fourth Circuit has held that the proper forum to hear an independent action in equity is the court which is alleged to be the victim of the
- 3 -
Case 6:90-cv-00004-NKM   Document 42   Filed 12/12/08   Page 3 of 4   Pageid#: 199

fraud. *Weisman v. Charles E. Smith Management, Inc.*, 829 F.2d 511, 513-14 (4th Cir. 1987) ("It is obvious that a motion under Fed.R.Civ.P. 60(b)(1) or (3) or an independent action in equity should be filed in the district court. Furthermore, the proper forum in which to assert that a party has perpetrated a 'fraud on the court' is the court which allegedly was a victim of that fraud.").

## IV. CONCLUSION

For the foregoing reasons, the independent action and Motion to Change Venue will be denied. An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and to Perez.

Entered this 12th day of December, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE